IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM TOWNSEND, JR.,

    Plaintiff,

v.

C.S.P. SOLANO,

    Defendant.

Case No. CIV 08-1177RJB

ORDER DECLINING TO
SERVE COMPLAINT
AND GRANTING LEAVE
TO FILE AMENDED
COMPLAINT

    This matter comes before the court on review of the file. The court has considered the relevant documents and the remainder of the file herein.

    On May 29, 2008, plaintiff, who is proceeding *in forma pauperis*, filed a civil action, with a document that the court has interpreted as a complaint. See Dkt. 1. On December 15, 2008, plaintiff filed a document captioned "Complaint," naming C.S.P. Solano (California State Prison at Solano) as the only defendant. Dkt. 10. In addition, numerous documents are attached to the complaint. Dkt. 10. The court has reviewed all of these documents to determine if the complaint states a claim within the jurisdiction of the federal court.

    Plaintiff contends that he fell in the shower at the prison on December 29, 2006, and that he has received inadequate medical care. It appears that plaintiff had a surgical repair of his right shoulder on March 11, 2008, due to recurrent dislocations and secondary impingement. See Dkt. 10, 3/11/08 Operation Report, Plaintiff contends that the shoulder injury was a result of his fall in the shower on December 29, 2006. Plaintiff contends that he has health problems, including left shoulder pain, back pain,

ORDER
Page - 1

abdominal pain, pelvic pain, scrotal pain, right arm dislocation, left arm pain, migraines, and tingling of his hand; that he has had to fight to receive medical care by filing grievances; that there have been constant delays in providing him the treatment he should have; that he has not received the correct medications; that he has had to see treatment providers other than physicians; and that he has not received medical tests that he believes he should have received. *See* Dkt. 10.  Plaintiff contends he has been subject to cruel and unusual punishment, gross negligence, deliberate indifference, malpractice, medical neglect, pain and suffering, mental anguish, and conspiracy.  Dkt. 1.  The complaint requests monetary damages.  *See* Dkt. 10, Complaint, at p. 5.

The court has carefully reviewed the file.  The court will not serve the complaint at this time because the complaint is deficient.

1. Plaintiff has named "C.S.P. Solano" as the only defendant in this case.  The Eleventh Amendment bars plaintiff's federal suit for damages against the state and state officials acting in their official capacities.  *Will v. Michigan Dep't. Of State Police*, 491 U.S. 58, 71 (1989).

In order to establish a prima facie case pursuant to 42 U.S.C. § 1983, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A plaintiff must set forth the specific factual bases upon which he claims each defendant is liable.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Here, plaintiff has not named any individual defendants nor has he alleged the facts showing how individually named defendants caused or personally participated in causing the harm he has alleged in the complaint.

2. Plaintiff has alleged cruel and unusual punishment, apparently on the basis of an inadequately maintained shower that caused him to fall.

The Eighth Amendment prohibits infliction of cruel and unusual punishment.  The Eighth Amendment is violated when an inmate is deprived of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Young v. Quinlan*, 960 F.2d 351, 359 (3rd Cir. 1992). Prisoners alleging Eighth Amendment violations based on unsafe conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 822 (1994).  For a claim based on a failure to prevent

1  harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious
2  harm. *Id*. at 834. The prisoner must also demonstrate that the defendant had a sufficiently culpable state of
3  mind. *Id*. This standard requires that the official be subjectively aware of the risk; it is not enough that the
4  official objectively should have recognized the danger but failed to do so. *Id*. at 838. "[T]he official must
5  both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and
6  he must also draw the inference." *Id*. at 837. An official's failure to alleviate a significant risk that he should
7  have perceived but did not does not rise to the level of constitutionally deficient conduct. *See Id.* at 837.  It
8  is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.
9  *Id*. at 842.

10  Here, plaintiff has not named individual defendants; he has not alleged facts that would show that
11  individual defendants were aware of facts from which the inference could be drawn that a substantial risk
12  of harm existed; and he has not alleged that any individual defendants drew that inference.  Plaintiff has not
13  stated a claim that any individually named defendants violated his Eighth Amendment rights in regard to
14  the shower in which he allegedly slipped and fell.

15  3. Plaintiff appears to allege that he has been denied adequate medical care.

16  To establish a violation of the Eighth Amendment, plaintiff must show that the defendants were
17  deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976);
18  *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir.1989).  A medical need is serious if failure to treat the
19  condition could result in further significant injury or the unnecessary and wanton infliction of pain.
20  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992). Mere negligence in diagnosing or treating a
21  medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v.*
22  *United States*, 838 F.2d 390, 392 (9th Cir.1988).  Nor does a difference of opinion over proper medical
23  treatment. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).  A prisoner must show that prison officials
24  have purposefully ignored or failed to respond to the prisoner's pain or medical need in order to establish
25  deliberate indifference. *McGuckin*, 974 F.2d at 1060.

26  Plaintiff has not named individual defendants who he believes violated his constitutional right to
27  medical care.  It appears that plaintiff believes that his grievances were not responded to in a timely
28  manner, that there were delays in providing him medical care, that he was seen by health care providers

other than physicians, that he was not prescribed appropriate medication, that he did not receive the proper radiologic tests, and that he otherwise did not receive proper medical care for his back, abdomen, pelvis, scrotal area, right arm, left arm, headaches, and tingling of his hand. Plaintiff has not alleged facts that would show that prison officials were deliberately indifferent to his serious medical needs. It appears from the record that plaintiff disagrees with the medical care provided, and that the medical care was not provided in as timely a manner as plaintiff believes it should have been. The allegations are not sufficient to state a claim that any named defendants denied plaintiff constitutionally adequate medical care.

3. Plaintiff has alleged that there was a conspiracy among employees at the prison to violate his rights.

A conspiracy is a combination of two or more persons who contrive to commit a criminal or unlawful act, or to commit a lawful act for criminal or unlawful purposes. *Sears v. International Brotherhood of Teamsters, Chauffeurs, Stablemen, and Helpers of America, Local No. 524*, 8 Wash.2d 447, 112 P.2d 850 (1941). For there to be a conspiracy, a claimant must establish that the defendant entered into an agreement of some kind with the other alleged conspirators to accomplish the object of the conspiracy. *Corbit v. J.I. Case Co.*, 70 Wn.2d 522 (1967). The existence of an alleged civil conspiracy must be established by clear, cogent, and convincing evidence. *Id.*; *Harrington v. Richeson*, 40 Wn.2d 557 (1952).

Plaintiff has not alleged facts that would establish a conspiracy by any named defendants to commit a criminal or unlawful act, or to commit a lawful act for criminal or unlawful purposes. Accordingly, the complaint does not state a claim for civil conspiracy.

4. Fed.R.Civ.P. 8(a) provides as follows:

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

> **(1)** a short and plaint statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

*Emphasis in the original.*

The complaint plaintiff has filed is not a short and plain statement of his claims showing that he is

ORDER
Page - 4

1 entitled to relief.

2     4. Before the court dismisses a *pro se* civil rights complaint filed by a prisoner, the court must afford the plaintiff an opportunity to file an amended complaint unless amendment would be futile or where the amended complaint would be subject to dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Reddy v. Litton Indus.*, Inc., 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989).

    Plaintiff should be afforded the opportunity to file an amended complaint, curing the deficiencies identified herein. If plaintiff does not file a timely amended complaint, or if the amended complaint otherwise fails to state a claim, the court may dismiss this case without prejudice.

    Therefore, it is hereby

    **ORDERED** that the court declines to serve plaintiff's complaint because the complaint does not state a claim within the jurisdiction of the federal court. Accordingly, not later than February 27, 2009, plaintiff may file an amended complaint, curing the deficiencies identified herein. If plaintiff does not file a timely amended complaint, or if the amended complaint fails to state a claim, the court may dismiss this case without prejudice.

    The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

    DATED this 29th day of January, 2009.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge