IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM TOWNSEND, JR.,

    Plaintiff,

v.

C.S.P. SOLANO,

    Defendant.

Case No. CIV 08-1177RJB

ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND DISMISSING CASE

This matter comes before the court on review of the file, following plaintiff's filing of a document captioned Amended Complaint: "Deficiencies Corrections." Dkt. 18. The court has reviewed the document and the remainder of the file herein.

## PROCEDURAL HISTORY

On May 29, 2008, plaintiff, a California state prisoner who is proceeding *pro se* and has been granted *in forma pauperis* status, filed this civil lawsuit. Dkt. 1. On January 30, 2009, the court issued an order declining to serve the complaint and granting plaintiff leave to file an amended complaint not later than February 27, 2009. Dkt. 17. In that order, the court identified deficiencies in the original complaint. *Id.* The court further informed plaintiff that the complaint he filed (Dkt. 1) was not a short and plain statement of his claims showing that he is entitled to relief, as is required by Fed.R.Civ.P. 8(a). *Id.*

On February 17, 2009, plaintiff filed a document captioned Amended Complaint: "Deficiencies Corrections". Dkt. 18. This document will be referred to herein as the amended complaint. An amended pleading supersedes the original pleading. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542,

ORDER
Page - 1

1546 (9th Cir.1990) ( "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original" ); *Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir.1967); *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir.1981) (claims not realleged in amended complaint are deemed waived); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1476, at 556-59 (1990). After amendment the original pleading no longer performs any function and is "treated thereafter as non-existent," *Loux v. Rhay,* 375 F.2d at 57.

It appears that plaintiff intended this amended complaint to supplement rather than supplant the original complaint. In the interest of fairness to plaintiff, the court has construed both the original complaint (Dkt. 1) and the amended complaint (Dkt. 18) together, and has carefully considered whether the documents plaintiff filed state a claim. Also, in the interest of fairness to plaintiff, the court has considered all documents plaintiff filed as Dkt. 1 and Dkt. 18 as part of the complaint.

## DISCUSSION

*1. Personal participation*

In the January 30, 2009 order, the court stated as follows:

> Plaintiff has named "C.S.P. Solano" as the only defendant in this case. The Eleventh Amendment bars plaintiff's federal suit for damages against the state and state officials acting in their official capacities. *Will v. Michigan Dep't. Of State Police*, 491 U.S. 58, 71 (1989).
>
> In order to establish a prima facie case pursuant to 42 U.S.C. § 1983, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Here, plaintiff has not named any individual defendants nor has he alleged the facts showing how individually.

Dkt. 17.

In the amended complaint, plaintiff names multiple defendants but has not set forth the specific factual bases upon which he claims each defendant is liable. *See* Dkt. 18. Accordingly, plaintiff has not stated a claim against the individuals named in the amended complaint. Nonetheless, the court will review the allegations in the original complaint and the amended complaint to determine if plaintiff states a claim for relief.

*2. Inadequately Maintained Shower*

Plaintiff alleges that an inadequately maintained shower caused him to fall and injure himself on December 29, 2006. In the January 30, 2009 order, the court identified the following deficiencies

regarding plaintiff's claim that he fell in an inadequately maintained shower.

> Plaintiff has alleged cruel and unusual punishment, apparently on the basis of an inadequately maintained shower that caused him to fall.
>
> The Eighth Amendment prohibits infliction of cruel and unusual punishment. The Eighth Amendment is violated when an inmate is deprived of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Young v. Quinlan*, 960 F.2d 351, 359 (3rd Cir. 1992). Prisoners alleging Eighth Amendment violations based on unsafe conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 822 (1994). For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id*. at 834. The prisoner must also demonstrate that the defendant had a sufficiently culpable state of mind. *Id*. This standard requires that the official be subjectively aware of the risk; it is not enough that the official objectively should have recognized the danger but failed to do so. *Id*. at 838. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id*. at 837. An official's failure to alleviate a significant risk that he should have perceived but did not does not rise to the level of constitutionally deficient conduct. *See Id.* at 837. It is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Id*. at 842.
>
> Here, plaintiff has not named individual defendants; he has not alleged facts that would show that individual defendants were aware of facts from which the inference could be drawn that a substantial risk of harm existed; and he has not alleged that any individual defendants drew that inference. Plaintiff has not stated a claim that any individually named defendants violated his Eighth Amendment rights in regard to the shower in which he allegedly slipped and fell.

Dkt. 17.

In the amended complaint, plaintiff names the warden, associate warden, chief of plant operations, and chief engineer as defendants. The amended complaint states that these individuals "are responsible for prison & maintenance there of, due to these reasons being they are responsible for my injuries due to the unsafe living & showering conditions of the showers, I'm forced to shower in daily." Dkt. 18, at 2. The court assumes that plaintiff has stated a claim that the shower conditions in the prison constituted a substantial risk of serious harm. However, the allegations are not sufficient to establish that the defendants plaintiff named were aware of facts from which the inference could be drawn that a substantial risk of harm existed or that the individuals drew that inference. Attached to the amended complaint is an Institution Operations Plan, dated November 2007, and a November 19, 2008 memorandum from the Executive Chairman of the Mens Advisory Council to the Associate warden; both of these documents addressed maintenance issues after plaintiff's fall on December 29, 2006, and are therefore not relevant to the issue of whether the individually named defendants were deliberately indifferent to a substantial risk of serious harm at the time plaintiff was allegedly injured. See Dkt. 18. Plaintiff has not stated a claim against the

defendants named for violation of his Eighth Amendment rights against cruel and unusual punishment.

*3. Inadequate Medical Care*

Plaintiff contends that he received inadequate medical care. In the January 30, 2009 order, the court identified the following deficiencies regarding plaintiff's claim that he was denied constitutionally adequate medical care:

> To establish a violation of the Eighth Amendment, plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir.1989). A medical need is serious if failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir.1988). Nor does a difference of opinion over proper medical treatment. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989). A prisoner must show that prison officials have purposefully ignored or failed to respond to the prisoner's pain or medical need in order to establish deliberate indifference. *McGuckin*, 974 F.2d at 1060.
>
> Plaintiff has not named individual defendants who he believes violated his constitutional right to medical care. It appears that plaintiff believes that his grievances were not responded to in a timely manner, that there were delays in providing him medical care, that he was seen by health care providers other than physicians, that he was not prescribed appropriate medication, that he did not receive the proper radiologic tests, and that he otherwise did not receive proper medical care for his back, abdomen, pelvis, scrotal area, right arm, left arm, headaches, and tingling of his hand. Plaintiff has not alleged facts that would show that prison officials were deliberately indifferent to his serious medical needs. It appears from the record that plaintiff disagrees with the medical care provided, and that the medical care was not provided in as timely a manner as plaintiff believes it should have been. The allegations are not sufficient to state a claim that any named defendants denied plaintiff constitutionally adequate medical care.

Dkt. 17.

In his amended complaint, plaintiff names many individuals that he believes violated his right to medical care. Plaintiff has named the warden and the C.M.O. [chief medical officer] as defendants. Plaintiff has not alleged facts sufficient to show that the warden and the C.M.O. were deliberately indifferent to plaintiff's serious medical needs.

The amended complaint also names Dr. Tan as a Defendant. Plaintiff contends that, after his fall, he was taken to the satellite clinic and saw Dr. Tan. The amended complaint alleges that Dr. Tan did not call an ambulance for him; that it took him five hours to get to the hospital and have his limb put back in the socket; that Dr. Tan should have recognized the danger of his arm being dislocated for five hours; and that after his arm was put back in the socket, his hand was numb, tingling and in pain; and that as a result of these injuries, he was scheduled for a nerve operation.

In an Inmate/Parollee Appeal Form, dated January 11, 2007, and stamped at the CSP/Solano Appeals Office on January 17 (*See* Dkt. 1), plaintiff described the problem, and this description is quoted as follows:

> At approximately 11:00am, 12-29-06 Inmate Townsend fell while showering in the 13-building bottom shower, left hand side, back shower! upon falling inmate Townsend dislocated right side sholder! inmate Townsend informed C/O Tatum that he fell while showering dislocating right side sholder, in which time C/O Tatum put day room down and pushed alarm for medical assistance. MTA'S arrived at 13 Building in which time inmate Townsend was taken to satellite clinic and examined, given pain meds which didn't work, and sent to CTC grill gate clinic for Xrays, This process was approximately One hour. I was taken back to satellite clinic, given more pain meds, which didn't work, informed by clinic staff an ambulance was called, after approximately an hour wait I inquired on where abouts ambulance. Approximately 30 to 45 more minutes I was approached by unknown C/O, asked if I was Townsend, & led to R/R. I was instructed to put on orange suit, & waited approximately another 45 min to one hour wait. I was then told by unknown C/O it was time to go to hospital, in which time I again inquired of ambulance, I was told by unknown C/O that he was my ride to hospital, no ambulance was coming! The process to check me & weapons out was approximately another one hour wait. I was informed that ambulances only came for code three's. I then inquired of distance to hospital, they informed me 45 minute to one hour ride which it was! Upon arrival to hospital, I was interviewed, & hospital staff inquired of Xrays taken at CSP-SOL, which were forgotten! I had to retake Xrays, another 45 minute to one hour process! I was then medicated for pain, which was the only time I was pain free the whole incident! I was put to sleep & sholder was set back in place! My right sholder is still in acute pain, My right hand is numb & has lost much strength too an extreme degree. 13 buildings shower is extremely slippery, the <u>whole</u> inside of shower is uneven, there are <u>no</u> shower strips to stand on for stability inside nor in front of shower. There are litterally eight tiles missing where i was showering at & litterally a slope! There are no handicap bars inside nor outside of shower.

The version of facts stated by plaintiff shows that he told a correctional officer about his fall and injury; that the correctional officer called for medical assistance; that plaintiff was taken to a clinic and medicated for pain; that X rays were taken; that he was given more pain medication; that he was told an ambulance was called but that instead, a correctional officer drove him to the hospital; that he was given pain medication and additional X rays at the hospital; and that his shoulder was set back in place. Even if Dr. Tan was involved in the medical treatment after the fall, the facts plaintiff set forth in support of his original complaint do not state a claim that Dr. Tan was deliberately indifferent to his serious medical needs.

In his amended complaint, plaintiff also names CCII J. Butler, CCI P. Bone, and J.L. Herrera as defendants. Dkt. 18. Plaintiff apparently claims that these individuals declined his request to relieve him of a job assignment. Plaintiff believes that, because of all the pain he is in, from his past and pending surgeries, he should not be required to work. Plaintiff has not stated a claim that these individuals were deliberately indifferent to plaintiff's serious medical needs.

The amended complaint names the warden, C.M.O. Traquind, Dr. Tan, Dr. Chan, Dr. Rottrer, Dr. Hsieh, Dr. Miller, Dr. Rallos, Dr. Moore, Dr. Win, Dr. Khin, Dr. Malton, Dr. Mitchell, Dr. Boitor, the Medical Board of California's Central Complaint Unit, Prison Health Care Receivership Relations Officer Kristina Hector, and Staff Services N. Warren as defendants. *See* Dkt. 18, Issue #3. Plaintiff has not alleged facts that would support a claim that any of these individuals were deliberately indifferent to plaintiff's serious medical needs. Plaintiff contends that he has experienced the lack of medical care, and that each step of medical care is the result of a grievance being written and exhausted. The complaint and amended complaint show that plaintiff was treated for medical issues, although perhaps not in as timely a fashion as he would have liked. The facts alleged show at most that plaintiff may have disagreed with the treatment provided. This is insufficient to state a claim for deliberate indifference to plaintiff's serious medical needs by any of the named defendants.

*4. Conspiracy*

Plaintiff contends that Appeals coordinators S. Cervantes, M.D. Corriaso, T. Moore, and R. Fleishman conspired to violate his rights to file grievances and hindered the processing, routing and logging of grievances.

In the January 30, 2009 order, the court identified the following deficiencies regarding plaintiff's conspiracy claim:

> A conspiracy is a combination of two or more persons who contrive to commit a criminal or unlawful act, or to commit a lawful act for criminal or unlawful purposes. *Sears v. International Brotherhood of Teamsters, Chauffeurs, Stablemen, and Helpers of America, Local No. 524*, 8 Wash.2d 447, 112 P.2d 850 (1941). For there to be a conspiracy, a claimant must establish that the defendant entered into an agreement of some kind with the other alleged conspirators to accomplish the object of the conspiracy. *Corbit v. J.I. Case Co.*, 70 Wn.2d 522 (1967). The existence of an alleged civil conspiracy must be established by clear, cogent, and convincing evidence. *Id.*; *Harrington v. Richeson*, 40 Wn.2d 557 (1952).
>
> Plaintiff has not alleged facts that would establish a conspiracy by any named defendants to commit a criminal or unlawful act, or to commit a lawful act for criminal or unlawful purposes. Accordingly, the complaint does not state a claim for civil conspiracy.

Dkt. 17.

In essence, plaintiff alleges that prison officials failed to comply with prison grievance procedures. A prisoner has no constitutional right to prison grievance procedures. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988), *cert. denied*, 488 U.S. 898 (1988). Further, plaintiff has not alleged facts sufficient to show that the named defendants entered into an agreement of some kind with the other alleged

conspirators to accomplish the object of the conspiracy. Plaintiff has not stated a claim for conspiracy to violate his rights under 42 U.S.C. § 1983.

*5. Request for Appointment of Counsel*

Plaintiff has again requested appointment of counsel. *See* Dkt. 18. On February 20, 2009, plaintiff's mother filed a letter, requesting that plaintiff be appointed counsel. Dkt. 19. On January 23, 2009, the court denied plaintiff's motion for appointment of counsel, finding that plaintiff had not shown exceptional circumstances warranting appointment of counsel. Dkt. 14. Plaintiff has not shown that anything has changed since the court denied his motion for appointment of counsel. Accordingly, plaintiff's renewed request for appointment of counsel should be denied.

*6. Dismissal*

42 U.S.C. § 1915A provides as follows:

§ 1915A. Screening

  **(a) Screening**.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

  **(b) Grounds for dismissal**.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

  **(c) Definition**.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

*Emphasis in the original*.

The court has carefully reviewed the allegations in plaintiff's original complaint and amended complaint under the screening provisions of 28 U.S.C. § 1915A. Plaintiff was informed of the deficiencies in the original complaint and was afforded the opportunity to file an amended complaint. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995)(Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.). Plaintiff filed an amended complaint. Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt.

*See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). Plaintiff has failed to state a claim upon relief may be granted. The case should be dismissed.

Therefore, it is hereby

**ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 23rd day of February, 2009.

ROBERT J. BRYAN
United States District Judge